

# NUMBER 13-25-00305-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

EOG RESOURCES
MARKETING, LLC,                                             Appellant,

v.

SAN PATRICIO COUNTY
APPRAISAL DISTRICT,                                        Appellee.

## ON APPEAL FROM THE 343RD DISTRICT COURT
## OF SAN PATRICIO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West**
**Memorandum Opinion by Justice West**

Appellant EOG Resources Marketing, LLC (EOG) and appellee San Patricio County Appraisal District (County) filed dueling motions for summary judgment. The trial court granted summary judgment in favor of the County. By one issue, EOG contends oil

that is sold and pre-committed to foreign destinations before being stored in San Patricio County holding tanks until a sufficient quantity accumulates to load a tanker ship enjoys bright line immunity from taxation under the Constitution's Import-Export Clause. We reverse and render.

## I.    BACKGROUND

The County assessed taxes against EOG on crude oil sitting in tanks at the Enbridge Terminal in Ingleside, Texas, in 2022 and 2023. EOG attached the affidavit of Jonathan Cave, EOG's Director for "Marketing-Downstream Crude Oil." In his affidavit, Cave attested that EOG does not use the Enbridge Terminal for transport of its crude oil to domestic destinations. He further attested that the crude oil assessed by the County in 2022 was sold to Italy, South Korea, and Peru; and the crude oil assessed by the County in 2023 was sold to Italy, the Netherlands, France, and the United Kingdom. Cave further attested that all the crude oil was loaded onto foreign flagged vessels which are barred by federal law from transporting oil in the United States domestically. Moreover, Cave attached several documents to his affidavit including Intertanko Chartering Questionnaire 88 forms and transaction confirmation receipts related to the crude oil assessed. The documents provide that the vessels were all foreign owned.

## II.    STANDARD OF REVIEW

"We review grants of summary judgment de novo." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). In de novo review, we exercise our own discretion and grant no deference to the trial court's decision. *Vaughn v. Vaughan*, 710 S.W.3d 412, 418 (Tex. App.—Eastland 2025, pet. denied) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). While denial of summary judgment is

generally not appealable, "we may review such . . . when both parties moved for summary judgment and the trial court granted one but denied the other." *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). In such cases, we review all summary judgment evidence, determine all issues presented, and render judgment as the trial court should have rendered. *Id*.

### III.   IMMUNITY: PRE-SOLD OIL TO FOREIGN DESTINATIONS

We recently held that crude oil—pre-sold to foreign destinations that is merely waiting in holding tanks until a sufficient quantity accumulates such that a ship can be loaded—enjoys bright line immunity from taxation under the Import-Export Clause of the United States Constitution. *San Patricio Cnty. Appraisal Dist. v. Gunvor USA LLC.*, No. 13-24-00590-CV, 2026 WL 59714, at *14, __ S.W.3d __, __ (Tex. App.—Corpus Christi–Edinburg Jan. 8, 2026, no pet. h.); *San Patricio Cnty. Appraisal Dist. v. Deveon Gas Servs., L.P. ex rel. Glencore Ltd.*, No. 13-25-00027-CV, 2026 WL 59714, at *1, __ S.W.3d __, __ (Tex. App.—Corpus Christi–Edinburg Jan. 8, 2026, no pet. h.); *San Patricio Cnty. Appraisal Dist. v. Vitol, Inc.*, No. 13-24-00413-CV, 2026 WL 393951, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 12, 2026, no pet. h.) (mem. op.). Thus, we sustain EOG's sole issue.

### IV.   STATUS OF EOG'S OIL

By one counter-issue, the County asserts that EOG has presented "no firm evidence" that any of its oil reached foreign destinations. We disagree. Cave attested that EOG does not ship oil domestically from the Enbridge Terminal. He attested that all the relevant crude oil was shipped to specific foreign nations. He further attested and attached documents providing that all the vessels used to transport the crude oil were

3

foreign owned. *See* 46 U.S.C. § 55102(b)(1) (providing no vessel may transport merchandise between domestic points unless "wholly owned by citizens of the United States").

## V.    CONCLUSION

We reverse the trial court's judgment and render summary judgment in favor of EOG.

JON WEST
Justice

Delivered and filed on the
19th day of March, 2026.